BRYAN SCHRODER
United States Attorney

RYAN TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DONALD GARNER,<br><br>                    Defendant. | )  No. 3:19-cr-00120-SLG-DMS<br>)<br>)<br>)  **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.  SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A.  Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: Count:  4 - Bribery of Public Official, in violation of 18 U.S.C. § 201(b)(1). The parties agree that the loss to the government attributable to the defendant from the criminal conduct at issue is more than $40,000 but less than $550,000.  The United States agrees to recommend a sentence at the bottom of the applicable guidelines range as determined by the Court.  The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment.  After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining count(s) (1, 2, 3, 5-10, and 21-31) as to the defendant.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement.  The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B.  Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.  Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 2 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 2 of 23

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 4: Bribery of Public Official, a violation of 18 U.S.C. § 201(b)(1)

### B. Elements

The elements of the charge(s) in Count 4 to which the defendant is pleading guilty are as follows:

1. The defendant gave, offered, or promised something of value, namely money, to Richard Vaughan (Vaughan);

2. The defendant acted corruptly, that is, with the intent to influence an official act by Vaughan, influence Vaughan to commit or allow a fraud on the United States, or induce Vaughan to do or to omit to do an act in violation of his lawful duty; and

3. Vaughan was a federal public official.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 4 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 3 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 3 of 23

The VA is the federal government agency charged with serving America's veterans and their families in ensuring they receive medical care, benefits, social support and lasting memorials promoting the health, welfare and dignity of all veterans in recognition of their service to the United States.

The United States Small Business Administration ("SBA") is an independent agency of the federal government responsible for aiding, counseling, assisting and protecting the interests of small business concerns. SBA provides assistance to small businesses which were owned and controlled at least 51% by socially and economically disadvantaged individuals. The Veterans Entrepreneurship and Small Business Development Act of 1999 established an annual government-wide goal of awarding contracts to at least three percent of the total value of all federal prime and subcontract awards for small business concerns owned and controlled by Veteran and Service-Disabled Veterans ("SDVs"). The Veterans Benefits Act of 2003 added a contracting mechanism to enable agencies to reach this three percent goal. The defendant knew that in order to be eligible for the SDVOSB program, the SDV must meet the following criteria:

a.     Have a service-connected disability determined by VA or DoD;

b.     Unconditionally own 51% of the SDVOSB, in which ownership is direct;

c.     Receive 51% of profits and/or the annual distribution profits paid on the stock for the SDVOSB;

d.     Control the day-to-day management, daily operations, and long term decision making of the SDVOSB; and

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS     Page 4 of 23

e.    Hold the highest officer position in the SDVOSB, to include control of the board of directors, if applicable.

Defendant was a United States citizen residing in Anchorage, Alaska. The defendant was the owner and manager of Veteran Ability, a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. Veteran Ability was a government contractor that sought to provide various services to the United States government, including to the VA in Alaska. Veteran Ability submitted bids for and was awarded numerous VA contracts. The defendant was responsible for or involved with preparing and submitting Veteran Ability's SDVOSB application, any bids submitted by Veteran Ability for VA contracts, and performing the services required by those contracts. The defendant also owned and controlled other small businesses in Alaska, including Yukon Pipeline Support Services and Compliance Services Corporation.

Richard Othell Vaughan, a/k/a "RV," ("Vaughan") was a United States citizen residing in Anchorage, Alaska. From at least as early as 2012, Vaughan was employed by the United States Department of Veterans Affairs ("VA") as a Contract Officer Representative ("COR") and was responsible for or involved with soliciting, awarding, and managing numerous contracts awarded by the VA, including certain Service-Disabled Veteran-Owned Small Business (SDVOSB) set-aside contracts. At all times in his role as a COR for the VA, Vaughan was a public official within the meaning of 18 U.S.C. § 201.

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 5 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 5 of 23

Dale Johnson (charged elsewhere) owned ADALECO, which was a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. It maintained an address at 301 E. Fireweed Lane, Suite 100, Anchorage, Alaska. ADALECO received an SDVOSB certification on April 15, 2013 and re-certified on May 27, 2015. The recertification was valid for two years. Johnson was responsible for or involved with preparing and submitting ADALECO's SDVOSB application for certification, its bids for VA contracts, and was responsible for completing the services required by those contracts. ADALECO submitted bids for and was awarded VA contracts, including a 2014 snow removal contract.

On or around October 17, 2014, the VA issued Solicitation VA260-15-Q-0035 for SDVOSB qualified companies to bid on a contract to provide snow removal services at VA locations in Anchorage, Alaska (the "Snow Removal contract"). This was a "set-aside" contract for a certified SDVOSB contractor. Bids for this Solicitation were submitted to the VA on or about October 24, 2014, and contract VA260-15-P-0260 was awarded to ADAELCO in or around October 28, 2014. The contract was valued at approximately $740,554.00, and called for periods of performance from November 1, 2014 until October 31, 2016. Vaughan was responsible for administering portions of this contract, including by signing and approving invoices.

In or around February 2016, the VA issued Solicitation VA260-16-R-0119 for SDVOSB qualified companies to bid on a contract to provide housekeeping services at VA locations in Anchorage, Alaska. Vaughan was responsible for soliciting and awarding this contract. Bids for this Solicitation were submitted to the VA on or about

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 6 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 6 of 23

March 28, 2016, and contract VA260-16-C-0031 was awarded to Veteran Ability on or about June 8, 2016. The contract was valued at approximately $5,116,201.00, and called for periods of performance from July 1, 2016, with options to extend until June 30, 2021. On April 14, 2017, the VA terminated contract VA260-16-C-0031 for cause after paying Veteran Ability approximately $776,272.00.

The Purchase Card Program at the Anchorage VA issued credit cards to VA facilities to make "micro purchases." There are three authorized levels of "micro purchases": $2,000 for construction purchases; $2,500 for service contract purchases; and $3,500 for supply and services not covered by the other service contract program purchases. VA employees who are officially designated to be a purchase card holder make authorized purchases for their facility. One of Vaughan's official duties and responsibilities was being the designated purchase card holders for the Anchorage VA. Vaughan's spending limit was approximately $60,000 per fiscal year.

In the summer of 2014, the defendant was introduced to Vaughan. Prior to this meeting Individual A told the defendant that Vaughan could provide guaranteed federal government contracts in exchange for monetary payments. Individual A told the defendant that at least 13 government contracts were available to be awarded by Vaughan in exchange for monetary payments. The defendant subsequently paid Individual A $10,000 for an introduction to Vaughan. Individual B set up a meeting between the defendant and Vaughan, which occurred at a parking lot on Muldoon Road in Anchorage. At that meeting, the defendant paid Vaughan $10,000 in cash as an initial payment for guaranteed government contracts.

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 7 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 7 of 23

Individual A subsequently drafted a $100,000 bill of sale for equipment as a cover for the payments from the defendant to Vaughan. The defendant eventually cut Individual A out of his bribery arrangement with Vaughan and dealt with Vaughan directly, with the help of Individual B.

From on or about June 2, 2015, continuing up to or about January 30, 2017, within the District of Alaska and elsewhere, the defendant and Vaughan engaged in a bribery relationship in which the defendant would direct Individual B to give Vaughan things of value, including cash and checks, and in return Vaughan would use his position within the Anchorage VA to advocate for and advance the defendant's and his companies' interests by, among other things, certifying payments on deficient invoices for work on the Snow Removal contract that was unnecessary or never performed; certifying payments to ADALECO knowing that the payments were actually being used primarily for the benefit of the defendant, rather than the certified SDV, Dale Johnson; awarding numerous purchase card orders for the benefit of the defendant in violation of government regulations by using the same vendor and exceeding the government regulated purchasing amounts; giving favorable, preferential treatment to the defendant in awarding certain VA contracts and purchase card orders, including the 2016 Housekeeping Contract; and advocating for and acting on behalf of the defendant's interests as questions, matters, and controversies regarding the contract performance of defendant's businesses were brought to his attention.

Specifically, the defendant, through Individual B, gave, offered, and promised the below Bribe Payments to Vaughan with the intent to influence an official act, including

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS            Page 8 of 23

to cause Vaughan to give the defendant preferential treatment by awarding numerous purchase card orders to Veteran Ability LLC and ADALECO to the exclusion of other eligible vendors. This also violated Vaughan's official duties because Vaughan used the same vendor (Veteran Ability LLC and ADALECO) for the majority of these purchases and issued purchase card orders that exceeded the government regulated amounts. In exchange for the Bribe Payments Vaughan also gave favorable, preferential treatment to the defendant in awarding other VA contracts, including the 2016 Housekeeping contract.

Additionally, the defendant, through Individual B, gave, offered, and promised the below Bribe Payments to Vaughan in exchange for Vaughan violating his official duties as a public official and allowing a fraud upon the United States. Specifically, the defendant paid Vaughan bribes so that Vaughan would disregard his official duties to properly oversee and administer aspects of the Snow Removal contract, including by signing and approving deficient invoices for payment for snow removal services that the defendant and Vaughan knew were not always rendered so the defendant could guarantee that he would "secure the over [$]300,000" in remaining funds under the Snow Removal contract regardless of whether snow removal was actually required or performed.

Bribe Payments

| DATE | AMOUNT |
|---|---|
| June 2, 2015 | $500 |
| June 22, 2015 | $1,200 |
| August 4, 2015 | $7,000 |
| January 21, 2016 | $6,000 |

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 9 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 9 of 23

| DATE | AMOUNT |
|---|---|
| February 12, 2016 | $1,700 |
| March 9, 2016 | $5,000 |
| October 21, 2016 | $2,000 |
| November 17, 2016 | $835 |
| December 30, 2016 | $2,500 |
| January 30, 2017 | $2,500 |
| **TOTAL** | **$29,235** |

Among other things, the defendant, Vaughan and others committed the following acts in furtherance of their bribery relationship:

On January 21, 2016, the defendant arranged to meet Vaughan at the Northway Mall in Anchorage, AK. The defendant texted Vaughan: "Rich, I'm in route about 5 to 10 minutes out." The same day, Individual B texted the defendant "where can I meet you to give you these checks." The defendant replied: "I'm at the Northway mall meeting with Rich [Vaughan], you can either come here or wait for me to get finished and I'll come get them." Individual B then texted the defendant "I'm here at north way." Subsequently, Individual B delivered a $6,000 cashier's check to Vaughan at defendant's direction. Later that day, Vaughan deposited the $6,000 check in his Alaska USA FCU account ending in 0017. That same day the defendant caused a deficient invoice to be submitted for $32,322.70 for work purportedly performed by ADALECO on the Snow Removal contract, which Vaughan certified for payment the next day in part as

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 10 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 10 of 23

consideration for the $6,000 bribe payment and for other bribe payments from the defendant.

On October 21, 2016, the defendant texted Individual B: "Call (RV) [RICHARD Vaughan] and give him $2,000 cash. Meet him somewhere or have him come to yr crib. Please do NOT meet him up there." Later that day, Individual B texted Vaughan and arranged to meet him in a Sears parking lot on Northern Lights Boulevard at 2:00pm. Individual B met Vaughan in the Sears parking lot and paid him $2,000 in bribe money at the defendant's direction. The defendant attempted to conceal the illegality of this cash payment by instructing Individual B not to meet Vaughan "up there," meaning at the Anchorage VA.

During the course of their bribery relationship, the defendant paid Vaughan more than one bribe.

The loss to the government attributable to the defendant from the above criminal conduct is more than $40,000 but less than $550,000.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 4: 18 U.S.C. § 201(b)(1) (Bribery of Public Official)

1) 15 years' imprisonment;

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 11 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 11 of 23

2) $250,000 fine or three times the monetary equivalent of the thing of value, whichever is greater;

3) 3 years' supervised release; and

4) $100 special assessment.

## 2. Other Matters Affecting Sentence

### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant agrees to pay at least $40,000 but less than $550,000 in restitution to the Anchorage VA. The defendant acknowledges that conduct described in Section C encompasses relevant conduct beyond the count of conviction for purposes of restitution. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B.     Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1.     Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C.     Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS            Page 14 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 14 of 23

calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree that the loss amount to the government attributable to the defendant from the criminal conduct at issue is more than $40,000 but less than $550,000. The United States agrees to recommend a sentence at the bottom of the applicable guidelines range as determined by the Court. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining count(s) (1, 2, 3, 5-10, and 21-31) as to the defendant.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 15 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 15 of 23

of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial –

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 16 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 16 of 23

the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

– The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

– The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

– The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 17 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 17 of 23

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D.    Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E.    Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS                    Page 18 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 18 of 23

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F.    Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 19 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 19 of 23

basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Donald Garner, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: March 23, 2021 _____        s/ REX LAMONT BUTLER _____

REX BUTLER

Attorney for Donald Garner

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 5/3/2021 _____        *Ryan D. Tansey* _____
for BRYAN SCHRODER
United States of America
United States Attorney

plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 4 - Bribery of Public Official, in violation of 18 U.S.C. § 201(b)(1) of the Indictment.

DATED: 23 Mar 21

DONALD GARNER
Defendant

U.S. v. Donald Garner
3:19-cr-00120-SLG-DMS          Page 22 of 23
Case 3:19-cr-00120-SLG-DMS   Document 93   Filed 05/04/21   Page 23 of 23